IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION 4

| | | |
|---|---|---|
| MARGARET R. TRAMMELL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:16-cv-00065-SWW |
| | § | |
| CITIMORTGAGE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

Defendants CitiMortgage, Inc. (**CMI**), Manufacturers and Traders Trust Company, successor by merger to Hudson City Savings Bank (**M&T Bank**) and M&T Bank Corporation (**M&T**) (collectively **defendants**) hereby move to dismiss the petition[1] filed by plaintiffs Margaret Renee Trammell and Robert Trammell (**Trammells**) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, defendants respectfully show the following:

### I.   SUMMARY OF ARGUMENT

The Trammells seek to enforce an alleged oral or implied promise to accept a deed in lieu of foreclosure of a mortgage against real property located in Pulaski County, Arkansas. Because the statute of frauds bar their claims, and because there is no new and independent consideration to enforce the alleged promises, their claims should be dismissed for failure to state a claim.

### II.   STATEMENT OF RELEVANT FACTS

According to the allegations contained in the Trammells' petition—which, for the purposes of this motion only, defendants must assume to be true—, they granted a mortgage against the

---

[1] *See* Petition for Declaratory Judgment of Acceptance by Waiver, Disgorgement of Amounts Constituting a Set Off For Claims of Arreage [sic] or Deficiency, for Judgment by Estoppel Upon Public Policy, and for Declaration of Accord and Satisfaction, by Plaintiffs' Performance (**Pet.**), Docket 1.

property located at 22021 Denny Road, Little Rock, Arkansas 72223 to secure repayment of a promissory note in the original principal amount of $1 million.[2] The Trammels allege contacted CMI, the mortgage servicer of the loan, for loss mitigation assistance due to a permanent loss of income and earning capacity.[3] The Trammells claim CMI instructed them in July 2014 "that a Deed in Lieu (DIL) process was initiated," for which CMI is alleged to have "imposed conditions that it 'inspect, change locks, and secure the property."[4] The Trammels allege Hudson, through CMI, then "took complete possession of the property" and installed "special locks."[5]

The Trammells, meanwhile, claim they were waiting "for notice to execute the DIL documents and deliver title" while CMI "continually requested updated financials" related to the DIL process, and "otherwise act[ed] as if the loan was being handled in a routine fashion with good faith and fair dealing."[6] But the DIL was not approved, the Trammells allege, because CMI and Hudson "were engaged in a dispute between themselves over their respective duties, responsibilities and liabilities under the terms of a 'servicing agreement' in force between them."

The Trammells claim the condition and value of the property has deteriorated since they vacated it.[7] They attach a quit claim deed to their petition purporting to tender their interest in the property to M&T[8] in lieu of the foreclosure of the mortgage.[9]

---

[2] *See* Pet. ¶ 4 and Exs. A (mortgage) and B (note). When ruling on a Rule 12(b)(6) motion to dismiss, a district court may "consider some public records, materials that do not contradict the complaint or materials that are 'necessarily embraced by the pleadings.'" *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 978 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).
[3] *See* Pet. ¶ 5.
[4] *See* Pet. ¶ 7.
[5] *See* Pet. ¶ 7.
[6] *See* Pet. ¶¶ 8-9.
[7] *See* Pet. ¶¶ 9-11.
[8] The Trammells wrongfully conclude Hudson merged into M&T. It did not. It merged into M&T Bank. For purposes of this motion, defendants will refer to the mortgagee as M&T Bank as if the Trammells had correctly identified it.
[9] *See* Pet. ¶ 12 & Ex. D (deed). The Trammells allege the deed grants "first and paramount title, warranting it is without encumbrance and with no junior lien," but the attached deed is a quitclaim deed.

The Trammells sue for breach of contract, promissory estoppel, equitable estoppel and accord and satisfaction.[10] By these claims, the Trammells seek **(1)** to enforce an alleged oral or implied agreement to accept a deed in lieu of foreclosure by requiring M&T Bank to accept the deed attached to their petition,[11] and **(2)** to enforce an alleged oral or implied agreement to preserve and protect the property until the deed in lieu is consummated by requiring M&T Bank to accept the deed in full accord and satisfaction of all amounts secured by the mortgage.[12]

### III.  ARGUMENTS & AUTHORITIES

#### A.  Applicable Legal Standard.

In ruling on a motion to dismiss, the court must view the allegations in the complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The court must accept the allegations in the complaint as true and draw all

---

[10] *See* Pet. ¶¶ 13-29.

[11] *See* Pet. ¶¶ 16-17 ("Plaintiffs have performed as agreed in cooperating with and delivering paramount and merchantable [title] to Hudson, free of lien or other cloud to title" and "[t]he deed attached should declared accepted, so that Defendants assume the indicia of bare legal ownership until the property is liquidate as an asset of an investor bank."), ¶ 26 ("A judgment should be entered that the defendant is deemed to have accepted the deed transferring the title to the property to M&T []."), ¶ 29 ("Judgment should be rendered . . . the deed on the property is deemed accepted in full accord and satisfaction of all claims arising from the mortgage.")

[12] *See* Pet. ¶¶ 14, 1717 ("Plaintiffs agreed with the Defendant's agent and assignor bank that they would take possession of the property, preserve and protect it for to balance [*sic*] of its possession, till [*sic*] the DIL was completed," "Defendants is responsible for damages to plaintiffs by way of disgorgement of any claims by defendant for accrued interest and costs, if not recovered in defendant's liquidation of the collateral."), ¶¶ 19, 21 ("CitiMortgage promised to Plaintiffs that it would maintain the property if Plaintiffs followed its instructions for preparing and then vacating the property," "[i]n the event defendant liquidates the property hereafter at a price less than an amount it claims is in arrearage, a declaration of rights under the [note and mortgage] should issue finding that defendant is estopped from and has waived its right to assert any deficiency against the plaintiffs."), ¶¶ 23, 25 ("CitiMortgage and Hudson bank knew or should have known that the dispute concerning the servicing agreement, and the inattention to the Hudson inventory as a result of the pending sale to defendant, would result in a lack of care of property being exercised by servicing agent CitiMortgage and Hudson," "[j]udgment should be entered for Plaintiffs declaring that Defendants are estopped from asserting any deficiency resulting from the actions and inactions of Defendants, as Plaintiffs reasonably relied upon the actions of Defendants in forbearing any continued maintenance and upkeep of the property."), ¶ 29 ("Judgment should be rendered . . . the deed on the property is deemed accepted in full accord and satisfaction of all claims arising from the mortgage.")

reasonable inferences in favor of the nonmoving party. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 540 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B.     The Statute of Frauds Bars the Trammells' Claims.**

A court may also dismiss a complaint based upon an affirmative defense when the defense appears on its face. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992); *see also Nash v. Lappin*, 172 Fed. Appx. 702, 703 (8th Cir. 2006). In this case, each of the Trammells' claims should be dismissed because they are barred by the statute of frauds.

The statute of frauds applicable to the Trammells' claims provides:

> No action may be maintained by or against any person or entity on any agreement to extend credit or to renew or modify existing credit in an amount greater than ten thousand dollars ($10,000) or to make any other accommodation relating to such credit, unless the agreement is in writing and is signed by the party to be charged with the agreement, or the duly authorized agent of such party.

Ark. Code Ann. § 4-59-101(d)(1).

The term "'[a]greement' means any agreement, contract, promise, undertaking, or commitment, or any modification thereof." Ark. Code Ann. § 4-59-101(d)(1)(A).

The Trammells' claims are barred because they require the enforcement of an alleged modification of the mortgage loan agreement which does not comply with the statute of frauds— *i.e.*, it is not "in writing and [] signed by the party to be charged with the agreement." Pursuant to the terms of the mortgage, the lender is entitled to foreclose its lien and sell the property in the

event of a default.[13] So long as the mortgage is attached to the property, the obligation to preserve, maintain and protect the property falls to the borrower—whether or not the borrower resides in the property.[14] The lender may, to protect its interest in the property, enter upon the property to secure and protect it, including changing locks, but it "does not have to do so and is not under any duty or obligation to do so" and can "incur[] no liability for not taking" these actions.[15] Once the property is sold at foreclosure, the lender may recover any deficiency of the purchase price to satisfy the indebtedness secured by the mortgage.[16]

The Trammells' suit seeks to modify each of these terms of the mortgage loan. Rather than permitting M&T Bank to foreclose the mortgage as is its right; the Trammells seek to force M&T Bank to accept a deed in lieu of foreclosure. Instead of accepting the responsibility assigned to them under the mortgage to preserve, maintain and protect the property from deterioration or waste, they want to shift this responsibility to M&T Bank—despite the fact they expressly agreed they would not do so. And they want to avoid their obligation to repay that portion of the indebtedness which is not satisfied by the sale of the property.

Missing from the Trammells' recitation of facts, however, is any allegation any of the defendants agreed to these modifications "in writing and signed by the party to be charged." Because the Trammells have not shown the alleged agreements they seek to enforce comply with the statute of frauds, their claims must be dismissed. *Moore v. Wallace*, 205 S.W.3d 824, 825, 90 Ark. App. 298, 301 (Ark. Ct. App. 2005) (Ark. Code Ann. § 4-59-101(d) bars oral promise to extend loan).

---

[13] *See* Pet. at Ex. A, § 22.
[14] *See* Pet. at Ex. A, § 7.
[15] *See* Pet. at Ex. A, § 9.
[16] *See* Pet. at Ex. A, § 22. The mortgage states it is subject to the foreclosure procedures of the Arkansas Statutory Foreclosure Act, which provides a right to recover a deficiency. Ark. Code Ann. § 18-50-112(b).

The Trammells cannot avoid the application of the statue of frauds by artfully pleading claims for promissory estoppel and equitable estoppel. In *Moore*, the plaintiffs alleged they were induced by the defendant bank to use $20,000 in insurance proceeds to pay an existing loan based upon an alleged oral promise to extend another loan for $30,000. The court dismissed not only their breach of contract claims because they were barred by the statute of frauds, but their "allegations of estoppel and fraud" because they "arose from the same set of facts upon which they based their contract and unjust enrichment claims." *Moore*, 205 S.W.3d at 826. "Under the circumstances of this case the bank's receipt of that to which it was legally entitled could not serve as the basis for asserting fraud or estoppel." *Id.*

This case is no different. The Trammells have not allege any of the defendants did (or did not do) anything they were not entitled to do (or refrain from doing) under the mortgage loan agreement. The Trammells claim CMI took possession of the property, inspected it and changed the locks after they vacated. Section 9 of the mortgage gives it the right to do this. They then claim, after CMI allegedly took possession of the property, it failed to repair or maintain the property. But this was the Trammells' obligation under section 7 of the mortgage, even if they had vacated the property. And although section 9 of the mortgage gave CMI the right to do whatever was necessary to protect the lender's interest in the property when the Trammells failed to do so, it was not obligated to do so. "Promissory estoppel is not to be used as a vehicle to engraft a promise on a contract that differs from the written terms of the contract." *Wilcox v. Wooley*, 2015 Ark. App. 56, 454 S.W.3d 792, 798 (Ark. App. 2015) (quoting *Mickens v. Corr. Med. Servs., Inc.*, 395 F.Supp.2d 748, 752–53 (E.D. Ark. 2005)). Because the only alleged actions taken by CMI were consistent with its rights under the mortgage, the Trammells' attempt to invoke estoppel theories to avoid the statute of frauds fails as a matter of law.

## C.     Failure of Consideration Bars the Trammells' Claims.

The Trammells' claims are also barred because there allegations fail to reveal any additional consideration for the alleged oral or implied agreements. "The general rule is that there must be additional consideration when the parties to a contract enter into an additional contract." *Crookham & Vessels, Inc. v. Larry Moyer Trucking, Inc.*, 16 Ark. App. 214, 699 S.W.2d 414 (1985). Although mutual promises may be adequate consideration to uphold a contract, the promise must have additional value to the party agreeing to the change; if the only benefit to a party is what he is already entitled to under the original contract, there is no consideration for the additional contract. *Feldman v. Fox*, 112 Ark. 223, 164 S.W. 766 (1914); *Capel v. Allstate Ins. Co.*, 78 Ark. App. 27, 77 S.W.3d 533 (2002); *see also Youree v. Eshaghoff*, 99 Ark. App. 4, 256 S.W.3d 551 (2007).

According to the alleged agreements sought to be enforced by the Trammells, the only benefits not already provided for under the mortgage loan agreement flow to the Trammells. They get to avoid foreclosure by giving a deed in lieu of foreclosure, but avoid giving any warranties to title. They are relieved from their obligations to preserve, maintain and protect the property, and get to shift this obligation to M&T Bank. And they are relieved from any obligation to pay a deficiency resulting from the purchase price of the property. On the other hand, M&T Bank gets title to the property—, but the mortgage loan agreement already guaranteed M&T Bank the right to sell the property and obtain either the property or its equivalent value in cash, in the event of the Trammells' default.

## IV. PRAYER

WHEREFORE, premises considered, this court should enter an order dismissing the Trammells' claims with prejudice and granting defendants any and all other relief to which they may show themselves justly entitled.

Date: February 22, 2016

Respectfully submitted,

//s// Kevin D. Rogers
Kevin D. Rogers (Ark. Bar No. 2012031)
Mickel Law Firm, P.A.
1501 N. University Ave., Suite 930
Little Rock, AR 72207-5238
(501) 664-4808

**ATTORNEYS FOR DEFENDANTS CITIMORTGAGE, INC., MANUFACTURERS AND TRADERS TRUST COMPANY, successor by merger to Hudson City Savings Bank and M&T BANK CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016, a true and correct copy of the foregoing was served as follows:

Will Shelton, Esq.
13608 Kanis Road
Little Rock, AR 72211
*Attorney for Plaintiffs*
**VIA CERTIFIED MAIL RECEIPT NO.**

//s// Kevin D. Rogers
Kevin D. Rogers