IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION 4

| | | |
|---|---|---|
| MARGARET R. TRAMMELL, ET. UX. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:16-cv-00065-SWW |
| CITIMORTGAGE, INC., *et al.* | § § § | |
| Defendants. | § | |

## MANUFACTURER AND TRADERS TRUST COMPANY'S ORIGINAL ANSWER

Defendant Manufacture and Traders Trust Company, successor by merger to Hudson City Savings Bank (**M&T Bank**) files this answer to the claims asserted by plaintiffs Margaret Renee Trammell and Robert Trammell (**Trammells**) in their Petition for Declaratory Judgment of Acceptance by Waiver, Disgorgement of Amounts Constituting a Set Off for Claims of Arreage [sic] or Deficiency, for Judgment by Estoppel Upon Public Policy, and for Declaration of Accord and Satisfaction, by Plaintiffs' Performance (**Petition**). In support thereof, M&T Bank answers as follows:

**I.   M&T BANK'S ANSWER**

1. M&T Bank admits, on information and belief, the Trammells are residents of Pulaski County, Arkansas.

2. M&T Bank admits, upon information and belief, M&T Bank Corporation (**M&T**) is a New York corporation. M&T Bank denies M&T is the assignee of the Trammells' mortgage loan secured by the real property located at 22021 Denny Road, Little Rock, Arkansas 72223 (**property**). M&T Bank states the Trammells' mortgage loan is assigned to it, which is the successor by merger to Hudson City Savings Bank (**Hudson City**) and a wholly owned

subsidiary of M&T. M&T Bank admits defendant CitiMortgage, Inc. (**CMI**) was the mortgage servicer for Hudson City, now M&T Bank. M&T Bank admits this lawsuit involves the property. M&T Bank denies any remaining allegations of paragraph 2 of the Petition not expressly admitted herein.

3.   M&T Bank states this case has been removed to this court and, to the extent it is necessary to do so, admit jurisdiction is proper in this court. To the extent paragraph 3 of the Petition asserts any factual allegations, M&T Bank denies same.

### Factual Background

4.   M&T Bank admits the Trammells entered into the mortgage and note attached to the Petition as Exhibits A and B and states these documents speak for themselves. M&T Bank further admits Hudson City merged into M&T Bank and M&T Bank owns the mortgage and note. M&T Bank states the letter attached to the Petition as Exhibit C evidencing its ownership of the mortgage and note speaks for itself. To the extent paragraph 4 of the Petition asserts any factual allegations inconsistent with the documents attached to the Petition as Exhibits A, B and C, M&T Bank denies same.

5.   M&T Bank is without sufficient information to admit or deny the allegations in paragraph 5 of the Petition regarding whether a significant disease prompted the Trammells to contact CMI in January, 2014, and therefore denies same. M&T Bank admits CMI acted as the mortgage servicer for Hudson City, now M&T Bank. M&T Bank states the document attached to the Petition as Exhibit C speaks for itself. M&T Bank admits, upon information and belief, the Trammells sought loss mitigation assistance from CMI. M&T Bank is without sufficient information to admit or deny whether unspecified "forms" were delivered to an underwriter on

February 6, and therefore deny same. M&T Bank denies any remaining allegations of paragraph 5 of the Petition not expressly admitted herein.

6.     M&T Bank admits, upon information and belief, CMI evaluated the Trammells' loan for a potential short sale. M&T Bank denies any remaining allegations of paragraph 6 of the Petition not expressly admitted herein.

7.     M&T Bank admits, upon information and belief, CMI evaluated the Trammells' loan for a potential deed in lieu of foreclosure. M&T Bank is without sufficient information to admit or deny the remaining allegations of paragraph 7 of the Petition and, therefore, denies them.

8.     M&T Bank is without sufficient information to admit or deny the allegations of paragraph 8 of the Petition and, therefore, denies them.

9.     A.     M&T Bank admits notice was provided to the Trammells of Hudson City's merger into M&T Bank, but is without sufficient information to admit or deny the remaining allegations of paragraph 9(A) of the Petition and, therefore, denies them.

       B.     M&T Bank is without sufficient information to admit or deny the remaining allegations of paragraph 9(B) of the Petition and, therefore, denies them.

10.    M&T Bank denies the allegations of paragraph 10 of the Petition relating to M&T Bank, and is without sufficient information to admit or deny any allegations of paragraph 10 of the Petition relating to CMI and, therefore, denies them.

11.    M&T Bank denies the allegations of paragraph 11 of the Petition.

12.     M&T Bank denies the allegations of paragraph 12 of the Petition.

## BREACH OF CONTRACT

13. To the extent paragraph 13 of the Petition requires a response, M&T Bank incorporates its responses to paragraphs 1 through 12, above. M&T Bank denies any remaining allegations of paragraph 13 of the Petition not expressly admitted herein.

14. M&T Bank is without sufficient information to admit or deny the alleged existence of an agreement between the Trammells and other unspecified entities, and therefore denies same. M&T Bank denies any remaining allegations of paragraph 14 of the Petition not expressly admitted herein.

15. To the extent paragraph 15 of the Petition asserts any factual allegations, M&T Bank denies same.

16. M&T Bank denies the allegations of paragraph 16 of the Petition.

17. To the extent paragraph 17 of the Petition asserts any factual allegations, M&T Bank denies same.

## PROMISSORY ESTOPPEL

18. To the extent paragraph 18 of the Petition requires a response, M&T Bank incorporates its responses to paragraphs 1 through 17, above. M&T Bank denies any remaining allegations of paragraph 18 of the Petition not expressly admitted herein.

19. M&T Bank is without sufficient information to admit or deny what the Trammells relied upon; however, denies the reliance alleged by the Trammells was foreseeable and/or reasonable. M&T Bank denies any remaining allegations of paragraph 19 of the Petition not expressly admitted herein.

20. M&T Bank admits CMI was the mortgage servicer for Hudson City, now M&T Bank. M&T Bank denies any remaining allegations of paragraph 20 of the Petition not expressly admitted herein.

21. To the extent paragraph 21 of the Petition asserts any factual allegations, M&T Bank denies same.

## EQUITABLE ESTOPPEL

22. To the extent paragraph 22 of the Petition requires a response, M&T Bank incorporates its responses to paragraphs 1 through 21, above. M&T Bank denies any remaining allegations of paragraph 22 of the Petition not expressly admitted herein.

23. M&T Bank denies the allegations of paragraph 23 of the Petition.

24. M&T Bank is without sufficient information to admit or deny whether the Trammells were ignorant or what they relied upon; however, denies the reliance alleged by the Trammells was foreseeable and/or reasonable. M&T Bank denies any remaining allegations of paragraph 24 of the Petition not expressly admitted herein.

25. To the extent paragraph 25 of the Petition asserts any factual allegations, M&T Bank denies same.

26. To the extent paragraph 26 of the Petition asserts any factual allegations, M&T Bank denies same.

## ACCORD AND SATISFACTION

27. To the extent paragraph 27 of the Petition requires a response, M&T Bank incorporates its responses to paragraphs 1 through 26, above. M&T Bank denies any remaining allegations of paragraph 27 of the Petition not expressly admitted herein.

28. To the extent paragraph 28 of the Petition asserts any factual allegations, M&T Bank denies same.

29. To the extent paragraph 29 of the Petition asserts any factual allegations, M&T Bank denies same.

## JURY DEMAND

M&T Bank admits the Petition demands a jury trial, but denies the Trammells are entitled to recover any relief from M&T Bank including, but not limited to, the declarations requested in the paragraph following the jury demand.

## II. M&T BANK'S AFFIRMATIVE DEFENSES

30. The Trammells' allegations fail to state a claim upon which relief can be granted.

31. The Trammells' claims are barred, in whole or in part, by the statue of frauds.

32. The Trammells' claims are barred, in whole or in part, because the alleged promise(s) they seek to enforce lacks an exchange of new and independent consideration.

33. The Trammells' claims are barred, in whole or in part, because the alleged promise(s) they seek to enforce or claim to have relied upon is too vague, ambiguous and or indefinite.

34. The Trammells' claims are barred, in whole or in part, because the alleged the Trammells' claims are barred, in whole or in part, by the doctrines of consent, knowledge, waiver, ratification, estoppel and/or laches.

35. The Trammells' claims for equitable relief are barred, in whole or in part, for the reason the Trammells have unclean hands.

36. The Trammells' claims are barred, in whole or in part, for failure to perform conditions precedent, including, but not limited to, failing to comply with the terms of the

mortgage and note, failing to tender the amount sufficient to satisfy the indebtedness secured by the mortgage and note, and failing to provide adequate, sufficient, and/or timely notice, demand or request upon which any of their claims is based.

37. To the extent the Trammells are entitled to recover any damages, M&T Bank is entitled to an offset against any benefits realized by the Trammells as a result of their failure to comply with the terms of the deed of trust and/or attorneys' fees incurred by M&T Bank.

38. The Trammells' claims are barred, in whole or in part, for the Trammells' failure to mitigate their alleged damages, if any.

39. The Trammells' damages, if any, were caused or contributed to by the Trammells' own acts or omissions, including acts or omissions which constitute prior breaches of contract and/or negligence.

Date: February 22, 2016

Respectfully submitted,

/s/ Kevin D. Rogers
Kevin D. Rogers (Ark. Bar No. 2012031)
Mickel Law Firm, P.A.
1501 N. University Ave., Suite 930
Little Rock, AR 72207-5238
(501) 664-4808

**ATTORNEYS FOR DEFENDANTS CITIMORTGAGE, INC., MANUFACTURERS AND TRADERS TRUST COMPANY, successor by merger to Hudson City Savings Bank and M&T BANK CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 22, 2016, a true and correct copy of the foregoing was served as follows:

Will Shelton, Esq.
13608 Kanis Road
Little Rock, AR 72211
*Attorney for Plaintiffs*
**VIA CERTIFIED MAIL RECEIPT NO.**

/s/ Kevin D. Rogers
Kevin D. Rogers, Attorney at Law

MANUFACTURER AND TRADERS TRUST COMPANY'S ORIGINAL ANSWER
Civil Action No. 4:16-cv-00065-SWW; *Margaret R. Trammell, et. ux. v. CitiMortgage, Inc., et al.*

Page 8 of 8