IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION 4

MARGARET R. TRAMMELL,
*ET.UX.*                                                                            PLAINTIFFS

VS.                    NO. 4:16-CV-65SWW

CITIMORTGAGE, INC.,
M & T BANK CORPORATION,
and HUDSON CITY SAVINGS BANK                              DEFENDANTS

### PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO DISMISS

Plaintiffs have pled sufficient facts to support their claims for breach of contract, promissory estoppel, and equitable estoppel. Therefore, Defendants' motion to dismiss should be denied.

### The Statute Of Frauds Does Not Bar Plaintiffs' Breach Of Contract Claim

Defendants argue that Plaintiffs' breach of contract claim falls within the Statute of Frauds and should be dismissed. This argument fails because Plaintiffs adequately pled part performance sufficient to take the agreement out of the statute of frauds. Therefore, Defendants' motion to dismiss the breach of contract claim should be denied.

Part performance takes the agreement to enter a deed-in-lieu out of the statute of frauds. *Talley v. Blackmon*, 271 Ark. 494, 497, 609 S.W.2d 113, 115 (Ark. App. 1980) (holding that part performance by one party and full performance by the other "operated to take the oral agreement out of the Statute of Frauds"); *See also*, *Montwood Corp. v. Hot Springs Theme Park*

1

*Corp.*, 766 F.2d 359, 363 (8th Cir. 1985). *Edington v. Sammons*, No. 3:13-CV-00202-BRW, 2013 WL 6009915, at *3 (E.D. Ark. Nov. 13, 2013) (Judge Wilson held "there is sufficient performance to take the agreements out of the statute of frauds").

Plaintiffs allege that an agreement existed to execute a deed-in-lieu of foreclosure. (Doc. # 2, para. 14). Plaintiffs also allege that Defendants conditioned the deed-in-lieu on Plaintiffs vacating the property and ceasing all marketing and mitigation attempts. Doc. # 2, para. 7. Plaintiffs fully performed their side of the agreement by vacating the property, ceasing all attempts to market the property, and by delivering deeds to Hudson. (Doc. #2, para. 14 & 16). Defendants partially performed the agreement by taking possession and requiring Plaintiffs to cease all marketing of the property. (Doc. #2, para. 7). Therefore, the full performance by Plaintiffs and partial performance by Defendants takes the agreement out of the Statute of Frauds.

Defendants also argue that the statute of frauds defeats Plaintiffs' estoppel claims because a contract existed between the parties. This argument is premature because the Rules allows Plaintiffs to "state as many separate claims or defenses as it has, regardless of consistency." FRCP 8(d)(3). In assessing the motion to dismiss, the standard is simply whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There is no requirement that the claims be consistent and the Rules

specifically allow the pleading of inconsistent and alternative claims. FRCP 8. Plaintiffs' estoppel claims allege that Defendants' lack of care, attention, and maintenance on the property have caused a decline in value. (Doc. # 2, para. 10). Defendants prevented Plaintiffs from mitigation ("Plaintiffs were never offered repossession of the property, or permitted to mitigate any loss. Plaintiffs were prepared to market the property and prevent a slide in the the (sic) property's value related to material deterioration from its vacancy and neglect.")  Doc. #2, para. 9.  A decline in value caused by Defendants should not be charged back to Plaintiffs in the form of a deficiency judgment. Therefore, Defendants should be estopped from pursuing a deficiency.

Plaintiffs have alleged sufficient facts to support those claims. Citimortgage insisted that Plaintiffs vacate and cease all mitigation efforts and infighting between Hudson and Citimortgage delayed the execution of a deed-in-lieu. Doc. # 2, para. 8-10. The actions of Hudson and Citimortgage caused the property to go unmaintained for an extended period of time. Plaintiffs--by pleading that they vacated the premises and delivered deeds to Hudson--have plead facts that support a finding the Plaintiffs reasonably relied on Defendants' promise. Doc. # 2, para. 7 & 12.

### Defendants' actions as alleged in the Complaint were not consistent with the mortgage

Defendants argue that Plaintiffs' estoppel claims should be dismissed because Plaintiffs have not alleged that Defendants received more than that to which they were legally entitled. Defendants argue that "the only alleged

3

actions taken by CMI were consistent with its rights under the mortgage." Doc. # 7, pg. 6.  This argument is based on Defendants' assertion that section 9 of the mortgage gives them the right to take possession of the property.

Section 9 of the mortgage only applies, however, upon the occurrence of one of three conditions, none of which are alleged to have occurred in the Complaint. Doc. # 2, Ex. 2-A, section 9. That should end the discussion right there, but assume for the sake of argument that one of those conditions has occurred. If that were the case, then the right to enter and secure the property would be limited to circumstances in which it is "reasonable or appropriate to protect Lender's Interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." (Doc. # 2, Ex. A-2, section 9).

The facts in Plaintiffs' Complaint do not support a conclusion that it was "reasonable and appropriate" for Defendants to enter and secure the property. Plaintiffs were living in the property and maintaining it in a condition that attracted a cash offer at appraised value until the time that Citimortgage demanded they leave as a final condition to the deed-in-lieu. (Doc. # 2, para. 6). Nor do the facts alleged in the Complaint support a conclusion that Defendants taking possession of the property resulted in "protecting and/or assessing the value of the Property, and securing and/or repairing the Property." (Doc. # 2, Ex. A-2, section 9). Plaintiffs plead just the

opposite: "From the time it took possession of the property, neither Hudson nor CitiMortgage made any effort to repair or to maintain the property, to market the property, or to delegate to any entity including plaintiffs the job of mitigation, by steps of preservation, inspection, and then valuing the property related to offering it for sale." (Doc. #2, para. 10).

### The Deed-In-Lieu Agreement Provided Additional Consideration to Defendants

Defendants try to argue that the deed-in-lieu agreement provided no additional consideration to Defendants. This argument is closely related to their other argument that the deed-in-lieu was a "modification" of the contract. The deed-in-lieu is better understood as a settlement of a disputed contract claim rather than a modification of a contract.

The whole purpose of the deed in lieu was to resolve the dispute quickly and without the need for a foreclosure or a lawsuit. Resolving the issue with speed and alacrity would have conferred a benefit on each party. Defendants could have liquidated the property, possibly as early as July 2014. Time is money. Defendants would have also avoided the exposure to a contested foreclosure in which it would have possible that Defendants would not have obtained title to the collateral.

Defendants' argument that a deed-in-lieu would have not conferred a benefit on them strains credulity as here we are, in federal court, more than a year and half later, and Defendants are no closer to liquidating their collateral. Nothing in the mortgage required Plaintiffs to convey title to

5

Hudson, without being ordered by a Court. Nothing in the mortgage required Plaintiffs to give possession of the property to Defendants without being ordered by a Court. Those were extra-contractual benefits conveyed to Defendants.

## Conclusion

For the foregoing reasons, Defendants Motion to Dismiss should be denied.

Respectfully submitted,

/s/ Will D. Shelton
William D. Shelton # 2011156
13608 Kanis Road
Little Rock, AR  72211
501.223.3100
501.223.3103 (fax)
will@tlf-arkansas.com

**CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of the foregoing was served via ECF on March 14, 2016, to the following:

Kevin D. Rogers
Mickel Law Firm, P.A.
1501 N. University Ave,  # 930
Little Rock Ark 72207

/s/ Will D. Shelton
William D. Shelton # 2011156
13608 Kanis Road
Little Rock, AR  72211
501.223.3100
501.223.3103 (fax)
will@tlf-arkansas.com